IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CYNTHIA O'CONNER, [*] | § | |
| | § | No. 698, 2014 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below:  Family Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| DARRYL J. ROBINSON, | § | File No. CN09-04138 |
| | § | Pet. No. 14-26120 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted:  May 12, 2015
Decided:     May 20, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VAUGHN**, Justices

**O R D E R**

This 20th day of May 2015, it appears to the Court that:

(1)    On March 9, 2015, the Senior Court Clerk issued a notice directing the appellant, Cynthia O'Conner, to show cause why this appeal should not be dismissed for her failure to pay the Family Court filing fee. The notice to show cause was sent by certified mail to the address that O'Conner provided to the Court, and a copy of the notice was sent by first class mail.  When O'Conner did not respond to the March 9 notice to show

_____

[*] By Order dated December 23, 2014, the Court assigned pseudonyms to the parties.  Del. Supr. Ct. R. 7(d).

cause and did not pay the fee, the Court dismissed the appeal by Order dated March 24, 2015.

(2) O'Conner moved to reargue the dismissal of the appeal on the basis that she had not received the March 9 notice to show cause. When reviewing O'Conner's motion for reargument, it became apparent to the Court that O'Conner had filed the appeal from the Family Court's interim order dated December 9, 2014, denying her motion for priority scheduling of an underlying petition for parental visitation. Supreme Court Rule 42 governs interlocutory appeals, *i.e.*, appeals from interim, non-final orders. Absent compliance with Supreme Court Rule 42, the Court's jurisdiction is limited to the review of final judgments and orders.

(3) On April 2, 2015, the Chief Deputy Clerk issued a notice directing O'Conner to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. The Chief Deputy Clerk advised O'Conner that the Court would hold her motion for reargument of the March 24 dismissal of the appeal in abeyance pending her response to the April 2 notice to show cause.

(4) The April 2 notice to show cause was sent by certified mail to the address provided by O'Conner. When O'Conner did not respond to the

2

notice sent by certified mail, the Chief Deputy Clerk sent a copy of the notice to O'Conner by first class mail.

(5) O'Conner has not responded to the April 2 notice to show cause. The Court concludes that, in the absence of O'Conner's compliance with Supreme Court Rule 42, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 29(b) and 42, that the appeal is DISMISSED. O'Conner's motion for reargument is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice